UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZANE J. KIRBY, *et al.*,

    Plaintiffs,

v.

MCMENAMINS INC., *et al.*,

    Defendants.

Case No. C22-5168-BHS-MLP

ORDER

## I.     INTRODUCTION

This matter is before the Court on Plaintiff Zane J. Kirby's Motion for Leave to File First Amended Class Action Complaint ("Plaintiff's Motion"). (Pl.'s Mot. (dkt. # 22).) Defendant McMenamins, Inc. ("McMenamins") filed an opposition (Def.'s Resp. (dkt. # 25)), and Mr. Kirby filed a reply (Pl.'s Reply (dkt. # 28)). No party requested oral argument. Having considered the parties' submissions, the governing law, and the balance of the record, the Court GRANTS Plaintiff's Motion (dkt. # 22).

## II.     BACKGROUND

On February 9, 2022, Mr. Kirby filed a class action complaint in Lewis County Superior Court, alleging state law causes of action for: (1) McMenamins' failure to compensate for missed

ORDER - 1

meal and rest periods; and (2) double damages for willful and intentional withholding of wages. (Compl. (dkt. # 1-1).) Mr. Kirby defined the putative class as "[a]ll individuals who resided in Washington State and who worked for McMenamins, Inc. in Washington State, who were . . . 'front of the house' service positions (bartender, server, or any other similar position), paid on an hourly basis at any time from three years prior to filing the complaint through the date of class certification." (*Id.* at ¶ 16.) The complaint asserted Mr. Kirby's claims were "typical of the claims of members of the Class because he was employed by the Defendant at their Olympic Club location in Centralia, Washington, was a bartender and server, and sustained damages arising out of the Defendant's failure during the Class Period to provide and pay for missed meal and rest periods." (*Id.* at ¶ 19.)

On March 16, 2022, McMenamins removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. # 1.) On May 2, 2022, the parties filed a joint status report, proposing a deadline for joining additional parties of June 17, 2022. (Dkt. # 11 at 3.) On May 19, 2022, the Court issued an Order Setting Pretrial Schedule ("Scheduling Order"), which set deadlines for, *inter alia*: (1) joining additional parties by June 21, 2022; (2) amending pleadings by July 19, 2022; and (3) filing a motion for class certification by April 10, 2023. (Sched. Order (dkt. # 12) at 1.)

On March 28, 2023, the parties filed a joint stipulation to modify the Scheduling Order, describing their discovery efforts since the Scheduling Order. (Dkt. # 15.) Mr. Kirby sent his first set of written discovery requests in May 2022, and McMenamins served responses in June 2022. (*Id.* at 2.) In August 2022, the parties held a telephonic meet and confer, where McMenamin's counsel informed Mr. Kirby's counsel that it was the victim of a ransomware attack in December 2021 that destroyed many of its historical electronic timecard and payroll records. (*Id.* at 3.)

ORDER - 2

While McMenamins maintains physical timecard and payroll records, the process for compiling, analyzing, and producing responsive documents is laborious and time-consuming. (*Id*.) McMenamins agreed to produce specific discovery relevant to Mr. Kirby's class certification, including "a class list (with a random sample of 15% of the class members' contact information)[.]" (*Id*.) In September 2022, December 2022, and January 2023, McMenamins produced additional responsive documents, including "an anonymized class list and a 15% sample class list with putative class members' names, but with no contact information." (*Id.* at 3-4.) The parties "continued conferring in February and March 2023 regarding outstanding discovery productions[.]" (*Id.* at 4.)

On March 29, 2023, the Court granted the parties' joint stipulation to modify the Scheduling Order. (Am. Sched. Order (dkt. # 16).) Neither the Amended Scheduling Order (*id.*) nor the parties' stipulated motion (dkt. # 15) referred to deadlines that had passed, such as for joining additional parties and amending pleadings. The Amended Scheduling Order did adjust the deadline for Mr. Kirby to file a motion for class certification to August 8, 2023, with McMenamin's response due September 5, 2023, and set discovery to be completed by November 13, 2023. (Am. Sched. Order at 1.)

On April 6, 2023, Mr. Kirby filed a motion to compel production of information including "contact information for the random sample of 15% of the class list[.]" (Dkt. # 17 at 2.) Mr. Kirby acknowledged some delays were caused by the ransomware attack but argued seven months was sufficient time to collect the discovery. (*Id*.) On April 20, 2023, Mr. Kirby withdrew his motion to compel as McMenamins had produced the requested discovery. (Dkt. # 19.) On May 1, 2023, McMenamins filed its answer and counterclaim arguing Mr. Kirby was "an

ORDER - 3

inadequate class representative because his claims are subject to unique defenses" (dkt. # 20 at 9, ¶ 10), and on May 22, 2023, Mr. Kirby filed his answer to the counterclaim. (Dkt. # 21.)

On June 2, 2023, Mr. Kirby filed the instant motion for leave to file an amended class action complaint. (Pl.'s Mot.) In the proposed amended complaint, Mr. Kirby seeks to add as class representatives four new plaintiffs (the "Additional Plaintiffs") who worked at different McMenamins locations. (Denlinger Decl. (dkt. # 23), Ex. 1 (dkt. # 23-1) at ¶¶ 5-8.) McMenamins has ten locations in Washington. (Budelmann Decl. (dkt. # 26) at ¶ 4.) Mr. Kirby worked at one location, and the Additional Plaintiffs worked at three other locations. (Denlinger Decl., Ex. 1 at ¶¶ 4-8.)

### III.   DISCUSSION

#### A.   Legal Standards

The parties disagree regarding whether Federal Rule of Civil Procedure ("Rule") 15, 16, and/or 24 apply to Plaintiff's Motion. (Pl.'s Mot. at 4; Def.'s Resp. at 5; Pl.'s Reply at 2.) Rule 15(a)(2) provides that a court "should freely give leave when justice so requires" to amend a pleading. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Rule 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."

McMenamins argues that Rule 24 applies because Mr. Kirby seeks to add class representatives, and that because the deadline in the original Scheduling Order for adding new parties has passed, Rule 16 must be addressed first. (Def.'s Resp. at 5.) Mr. Kirby argues that because the Amended Scheduling Order imposed no deadline for adding parties, he is not

ORDER - 4

required to show "good cause" under Rule 16 to add parties and only Rule 15 applies. (Pl.'s Reply at 2.)

Regarding the applicability of Rule 24, the Court first notes that the Additional Plaintiffs have not filed a motion to intervene. McMenamins relies on an unexplained statement in a 1973 Ninth Circuit case that "plaintiffs' 'Motion to Amend' . . . was actually a motion to intervene by several additional plaintiffs." *Lidie v. State of Cal.*, 478 F.2d 552, 555 (9th Cir. 1973). The Ninth Circuit noted that in class actions "[m]otions to intervene are liberally granted" but upheld the denial of intervention based on an exception that, "where the original plaintiffs were never qualified to represent the class, a motion to intervene represents a back-door attempt to begin the action anew, and need not be granted." *Id*.

Unlike in this case, in *Lidie*, the district court had denied class certification, finding that "plaintiffs had failed to show that any of them came within the class which they sought to establish[,]" and the Ninth Circuit upheld the denial. 478 F.2d at 554-55. Here, although McMenamins asserts that Mr. Kirby was "never qualified to represent the proposed class[,]" that issue has not been adjudicated and is not currently before the Court. (Def.'s Resp. at 5.)

As this Court has explained in addressing *Lidie*, if a named plaintiff's claims are inherently defective—such as for mootness, lack of standing, or, as in *Lidie*, not fitting within a proposed class—adding or substituting new named plaintiffs is permissible only after class certification. *Castillo v. United Rentals (N. Am.), Inc.*, 2018 WL 3429936, at *6 (W.D. Wash. July 16, 2018). Prior to certification, "courts do not allow amendments that amount to a back-door attempt to begin the action anew, where, in all likelihood, 'the original plaintiffs were never qualified to represent the class.'" *Id.* at *6 (cleaned up) (quoting *Lidie*, 478 F.2d at 555).

ORDER - 5

1  "But when the named plaintiff's claims remain live, and the named plaintiff merely seeks to

2  withdraw as the representative, courts have allowed pre-certification substitution."[1] *Id.* at *3.

3  In this case, McMenamins has not shown any inherent, disqualifying defect in Mr.

4  Kirby's claims. (*See* Def.'s Resp. at 9 (challenging adequacy as class representative but not

5  standing, mootness, or inclusion in class).) As in *Castillo*, Mr. Kirby's claims remain live, and he

6  does not even seek to withdraw as representative. Accordingly, *Lidie* does not counsel against

7  granting Plaintiff's Motion. Even if Rule 24 is applicable, because intervention is to be "liberally

8  granted" and the exception outlined in *Lidie* does not apply, this would weigh in favor of

9  granting Plaintiff's Motion.

10  Turning to Rules 15 and 16, once a scheduling order deadline passes, a party must first

11  show "good cause" under Rule 16(b) to amend the deadline, before a court will consider whether

12  the amendment is proper under Rule 15(a). *See* Fed. R. Civ. P. 16(b)(4); *see also* Local Civil

13  Rule ("LCR") 16(b)(6). "If [the court] considered only Rule 15(a) without regard to Rule 16(b),

14  [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its

15  good cause requirement out of the Federal Rules of Civil Procedure." *Jackson v. Laureate, Inc.*,

16  186 F.R.D. 605, 607 (E.D. Cal. 1999) (alterations in original) (quoting *Sosa v. Airprint Sys., Inc.*,

17  133 F.3d 1417, 1419 (11th Cir. 1998)).

18  The Court established June 21, 2022, as the deadline to add new parties and July 19,

19  2022, as the deadline to amend pleadings. *See* Sched. Order. Plaintiff's Motion was filed almost

20  a year after those deadlines and, accordingly, whether it is treated as a motion to amend the

21

22  ───────────────

23  [1] As noted in *Castillo*, while the Ninth Circuit has not directly addressed the issue, it has suggested pre-certification substitution is allowed when the named plaintiff's claims survive. *See Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880-81 (9th Cir. 1999) (finding that named plaintiff had standing and that amendment to substitute other class members as class representative should have been permitted).

ORDER - 6

complaint or a motion to add parties, Rule 16 must be addressed first. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992).

B.   **"Good Cause" Exists Under Rule 16**

McMenamins argue that Mr. Kirby was not diligent in bringing this motion almost a year after the deadline to add parties. (Def.'s Resp. at 5; *see* Sched. Order.) Additionally, McMenamins points out that the parties agreed to amend the Scheduling Order once already and did not choose to extend the deadline for joinder of parties. (Def.'s Resp. at 5-6; *see* dkt. # 15.)

Mr. Kirby argues he was diligent in bringing this motion because he only became aware of McMenamins' allegations of his inadequacy as class representative on or about March 27, 2023. (Pl.'s Mot. at 8.) Mr. Kirby's counsel states in a declaration that McMenamins served its first set of interrogatories and requests for production on March 27, 2023, and that McMenamins "raised . . . through its discovery requests on [Mr.] Kirby, issues as to the adequacy of [Mr.] Kirby as a class representative." (Denlinger Decl. at ¶ 5.) Mr. Kirby also contends McMenamins did not produce a class list with contact information until April 19, 2023, and between then and May 9, 2023, the Additional Plaintiffs expressed interest in becoming class representatives and retained counsel. (*Id.* at ¶ 6.) Mr. Kirby then filed his motion for leave to amend his complaint less than a month later, on June 2, 2023. (Pl.'s Mot.) Mr. Kirby argues any delay was due to McMenamins' delay in providing the class contact list, which Mr. Kirby had to file a motion to compel to obtain. (*Id.* at 3.) Finally, Mr. Kirby points out there are strong public policy reasons to allow amendment to add parties to fully represent the class in this case, including judicial efficiency. (*Id.* at 10-11.)

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry

ORDER - 7

1  should end." *Id*. The Ninth Circuit has held that a four-month delay in seeking to modify a
2  scheduling order did not demonstrate diligence or "good cause" as required by Rule 16(b).
3  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88; *see also Experexchange, Inc. v.
4  Doculex, Inc.*, 2009 WL 3837275, at *29 (N.D. Cal. Nov. 16, 2009) (waiting two months after
5  discovery of new facts to file motion to amend, after summary judgment had been fully briefed,
6  did not meet good cause standard). This Court has found that waiting less than a month is
7  consistent with good cause. *See Ten Bridges, LLC v. Midas Mulligan,* LLC, 522 F. Supp. 3d 856,
8  868 (W.D. Wash. 2021) (finding good cause to amend counterclaims filed less than a month after
9  a related decision and less than two weeks after plaintiff filed second amended complaint).

10  The Court finds good cause for granting relief under Rule 16(b). The Court finds Mr.
11  Kirby did exercise diligence in bringing this motion less than two months after obtaining the
12  class contact list via discovery and less than a month after the Additional Plaintiffs requested to
13  join the case and retained counsel. (Pl.'s Mot. at 8.)

14  The Court is also mindful that Rule 16's purpose "is to get cases decided on the merits of
15  issues that are truly meritorious and in dispute." *In re: Phenylpropanolamine (PPA) Prods. Liab.*
16  *Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). According to Mr. Kirby's counsel, McMenamins has
17  argued that its "different restaurant locations" impede Mr. Kirby's ability to represent a class.
18  (Denlinger Decl. at ¶ 5.) In response, Mr. Kirby seeks to add named plaintiffs who worked at
19  other locations. (Pl.'s Mot.) The result is that this action will better address whether or not
20  McMenamins does have consistent policies across its locations that violate the law.

21  This Court finds Mr. Kirby has demonstrated good cause to amend his complaint to add
22  new plaintiffs after the deadline. Accordingly, the Court now turns to the Rule 15 analysis.
23

ORDER - 8

### C. Rule 15 is Satisfied

Rule 15 provides that, after the initial period for amendment as of right, pleadings may be amended "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Court leave "shall freely be given when justice so requires." *Id*.

In determining whether amendment is appropriate, the Court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether there has been previous amendment. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). "Not all of the factors merit equal weight. [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing amendment bears the burden to show why it should not be granted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice."); *Robertson v. Bruckert*, 568 F. Supp. 3d 1044, 1047 (N.D. Cal. 2021) ("The opposing party bears the burden to show why leave to amend should not be granted.").

#### 1. Bad Faith and Undue Delay

With regard to bad faith and undue delay, McMenamins relies on its arguments raised with regard to Rule 16. (Def.'s Resp. at 9.) As discussed above, McMenamins has not established undue delay or bad faith. The Court also notes that most of the delay up to this point was caused by McMenamins' failure to provide class contact information. While that may be primarily due to the ransomware attack that was not under McMenamins' control, it was not Mr. Kirby's responsibility or under his control. (Dkt. # 15 at 3.) Furthermore, Mr. Kirby was active in attempting to obtain the relevant information, diligently pursuing discovery and eventually resorting to filing a motion to compel to get the class contact list from McMenamins. (Denlinger

ORDER - 9

Decl. at ¶ 4.) The Court find the absence of bad faith or undue delay weighs in favor of granting leave to amend.

### 2. Prejudice

McMenamins argues that it will be unfairly prejudiced if Mr. Kirby is allowed to add the four Additional Plaintiffs shortly before his class certification motion deadline on August 8, 2023. (Def.'s Resp. at 2, 8.) McMenamins argues it will not have sufficient time to investigate the Additional Plaintiffs' claims, conduct discovery, take additional depositions, and prepare a defense to the class certification motion. (*Id.* at 4.)

The Amended Scheduling Order sets the deadline to file an opposition to a class certification motion on September 5, 2023, and the end of discovery on November 13, 2023. (Am. Sched. Order at 6.) The proposed addition of named plaintiffs does not add any new claims to the matter or alter the putative class membership. (Pl.'s Reply at 5.) Moreover, Mr. Kirby argues that McMenamins did not serve discovery on Mr. Kirby for over a year after the case was removed to this Court and that, as of his reply brief dated June 20, 2023, McMenamins had "still never taken [Mr.] Kirby's deposition or even requested his availability for deposition." (*Id.* at 6.) The lack of urgency undermines McMenamins' argument that it will be prejudiced by the need to serve discovery on and depose the Additional Plaintiffs.

The Court finds the September response deadline and November discovery deadline allow McMenamins sufficient time to conduct any additional discovery regarding the Additional Plaintiffs. Accordingly, McMenamins has not shown prejudice.

### 3. Futility

McMenamins argues amendment is futile because Mr. Kirby's claims, facts, and defenses are different than those of the Additional Plaintiffs and because the Additional Plaintiffs will not

ORDER - 10

cure the lack of named plaintiffs from every McMenamins location. (Def.'s Resp. at 9.) The Court does not find these reasons persuasive. Adding plaintiffs who worked at more locations in response to McMenamins' assertion that employees at each location were treated differently is not futile and will better enable the Court to efficiently resolve class claims in one action on the merits.

The Court is also not persuaded by the McMenamins' second argument. With the proposed amendment, named plaintiffs will include employees from four out of ten McMenamins locations. Mr. Kirby has specifically sought amendment to show a pattern across several McMenamins locations. McMenamins has not explained why every single location must be represented by a named plaintiff. The Court finds that the futility factor weighs in favor of granting leave to amend.

    4.    *Prior Amendment*

There have not been any previous amendments to the complaint. Therefore, this factor weighs in Mr. Kirby's favor.

Accordingly, the Court concludes the Rule 15 factors weigh in favor of granting Mr. Kirby's motion to amend the complaint.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion (dkt. # 22) is GRANTED. Pursuant to LCR 15, Plaintiffs shall file their first amended class action complaint in the form submitted (dkt. # 23-2) and serve it on all parties within **fourteen (14) days** of this Order.

Dated this 19th day of July, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 11