THE HONORABLE BENJAMIN H. SETTLE

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| **ZANE J. KIRBY, OWEN TERHORST, ERIN JARMON, REBECCA BRESHEARS**, and **CLOE PETRICCA**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MCMENAMINS, INC.**, an Oregon Domestic Business Corporation, and **DOES 1-10**, inclusive,<br><br>Defendant. | CLASS ACTION COMPLAINT<br><br>Case No. 3:22-cv-05168-BHS-MLP<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID AND WRONGFULLY WITHHELD WAGES** |

FIRST AMENDED CLASS ACTION COMPLAINT - 1

ACKERMANN & TILAJEF, P.C.
2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Tel: (253) 625-7720
Fax: (310) 277-0635

Plaintiffs Zane J. Kirby, Owen Terhorst, Erin Jarmon, Rebecca Breshears, and Cloe Petricca ("Plaintiffs"), by and through their undersigned attorneys and on behalf of themselves and all others similarly situated, complain and allege the following:

## I. NATURE OF ACTION

1. This is a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) against Defendant McMenamins, Inc. and its subsidiaries and affiliated companies, and DOES 1-10, inclusive, who are employers or co-employers of Plaintiffs, ("Doe Defendants") (together "Defendant" or "McMenamins"), for engaging in a systematic scheme of wage and hour violations against its current and former "front of the house" service employees working in this State.

2. As fully explained *infra*, during the Class Period, Defendant failed to provide Plaintiffs and its other "front of the house" service employees with statutory ten-minute rest periods and 30-minute meal periods, and failed to compensate them for missed meal and rest periods in violation of the Washington Industrial Welfare Act ("IWA") and regulations promulgated by Washington State.

3. Accordingly, Plaintiffs seek relief on a class-wide basis for a Class of aggrieved "front of the house" service employees for missed and unpaid meal and rest periods. Plaintiffs seek double damages on behalf of the Class for Defendant's past and ongoing violations during the Class Period. Plaintiffs also seek relief on behalf of the Class for statutory interest, attorneys' fees, and costs.

## II. THE PARTIES

4. Plaintiff Zane J. Kirby, who at all relevant times was a resident of Washington, was employed by Defendant from approximately March 20, 2006 to January 2022. Plaintiff Kirby worked at Defendant's The Olympic Club location in Centralia, Washington as a bartender and server. Throughout his employment, during the relevant time period, Plaintiff Kirby worked four to five days per week and, on average, seven hours per shift for Defendant. At all relevant times,

FIRST AMENDED CLASS ACTION COMPLAINT - 2

ACKERMANN & TILAJEF, P.C.
2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Tel: (253) 625-7720
Fax: (310) 277-0635

Plaintiff Kirby was compensated by Defendant with hourly pay and tips. During Plaintiff Kirby's employment, on information and belief, Plaintiff Kirby was typically scheduled to work the lunch and/or dinner shift, which included mealtime rushes during which there was no opportunity to take regular meal and rest periods. The nature of Plaintiff Kirby's work was, thus, that he could not regularly take meal and rest periods, and Defendant had no policy or practice to schedule Plaintiff Kirby's meal and rest periods, to record missed meal and rest periods, or to compensate Plaintiff Kirby for missed meal and rest periods. Therefore, Defendant failed to provide Plaintiff Kirby with meal and rest periods and failed to compensate him for missed meal and rest periods.

5. Plaintiff Owen Terhorst, who at all relevant times was a resident of Washington, was employed by Defendant from approximately May 2021 to October 2022. Plaintiff Terhorst worked at Defendant's Kalama Harbor Pub location in Kalama, Washington as a host and server. Throughout his employment, during the relevant time period, Plaintiff Terhorst worked five or six days per week and, on average, seven hours per shift. At all relevant times, Plaintiff Terhorst was compensated by Defendant with hourly pay and tips. During Plaintiff Terhorst's employment, on information and belief, Plaintiff Terhorst was typically scheduled to work the lunch and/or dinner shift, which included mealtime rushes during which there was no opportunity to take regular meal and rest periods. The nature of Plaintiff Terhorst's work was, thus, that he could not regularly take meal and rest periods, and Defendant had no policy or practice to schedule Plaintiff Terhorst's meal and rest periods, to record missed meal and rest periods, or to compensate Plaintiff Terhorst for missed meal and rest periods. Therefore, Defendant failed to provide Plaintiff Terhorst with meal and rest periods and failed to compensate him for missed meal and rest periods.

6. Plaintiff Erin Jarmon, who at all relevant times was a resident of Washington, was employed by Defendant from approximately April 5, 2019 to March 20, 2020. Plaintiff Jarmon worked at Defendant's Downtown Tacoma Elk's Temple location in Tacoma, Washington as a hostess, food runner, barback, and busser. Throughout her employment, during the relevant time

FIRST AMENDED CLASS ACTION COMPLAINT - 3

ACKERMANN & TILAJEF, P.C.
2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Tel: (253) 625-7720
Fax: (310) 277-0635

period, Plaintiff Jarmon worked at least five days per week and, on average, eight hours per shift for Defendant. At all relevant times, Plaintiff Jarmon was compensated by Defendant with hourly pay and tips. During Plaintiff Jarmon's employment, on information and belief, Plaintiff Jarmon was typically scheduled to work the lunch and/or dinner shift, which included mealtime rushes during which there was no opportunity to take regular meal and rest periods. The nature of Plaintiff Jarmon's work was, thus, that she could not regularly take meal and rest periods, and Defendant had no policy or practice to schedule Plaintiff Jarmon's meal and rest periods, to record missed meal and rest periods, or to compensate Plaintiff Jarmon for missed meal and rest periods. Therefore, Defendant failed to provide Plaintiff Jarmon with meal and rest periods and failed to compensate her for missed meal and rest periods.

7. Plaintiff Rebecca Breshears, who at all relevant times was a resident of Washington, was employed by Defendant from approximately April 2019 to November 2019. Plaintiff worked at Defendant's McMenamins on the Columbia location in Vancouver, Washington as a server. Throughout her employment, during the relevant time period, Plaintiff Breshears worked four days per week and, on average, eight hours per shift for Defendant. At all relevant times, Plaintiff Breshears was compensated by Defendant with hourly pay and tips. During Plaintiff Breshears' employment, on information and belief, Plaintiff Breshears was typically scheduled to work the lunch and/or dinner shift, which included mealtime rushes during which there was no opportunity to take regular meal and rest periods. The nature of Plaintiff Breshears' work was, thus, that she could not regularly take meal and rest periods, and Defendant had no policy or practice to schedule Plaintiff Breshears' meal and rest periods, to record missed meal and rest periods, or to compensate Plaintiff Breashers for missed meal and rest periods. Therefore, Defendant failed to provide Plaintiff Breashers with meal and rest periods and failed to compensate her for missed meal and rest periods.

8. Plaintiff Cloe Petricca, who at all relevant times was a resident of Washington, was

FIRST AMENDED CLASS ACTION COMPLAINT - 4

ACKERMANN & TILAJEF, P.C.
2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Tel: (253) 625-7720
Fax: (310) 277-0635

employed by Defendant from approximately March or May 2019 to January 2020. Plaintiff worked at Defendant's Downtown Tacoma Elk's Temple location in Tacoma, Washington as a food runner and server. Throughout her employment, during the relevant time period, Plaintiff Petricca worked three to five days per week and, on average, eight hours per shift for Defendant. At all relevant times, Plaintiff Petricca was compensated by Defendant with hourly pay and tips. During Plaintiff Petricca's employment, on information and belief, Plaintiff Petricca was typically scheduled to work the lunch and/or dinner shift, which included mealtime rushes during which there was no opportunity to take regular meal and rest periods. The nature of Plaintiff Petricca's work was, thus, that she could not regularly take meal and rest periods, and Defendant had no policy or practice to schedule Plaintiff Petricca's meal and rest periods, to record missed meal and rest periods, or to compensate Plaintiff Petricca for missed meal and rest periods. Therefore, Defendant failed to provide Plaintiff Petricca with meal and rest periods and failed to compensate her for missed meal and rest periods.

9. Defendant employed Plaintiffs and the Class. Defendant is an Oregon Domestic Business Corporation that is engaged in the food and restaurant industry in Washington State and Oregon State. On information and belief, Defendant is headquartered in Portland, Oregon and owns and operates at least eleven restaurant locations in Washington State, including in Bothell, Vancouver, Tacoma, Kalama, Mill Creek, Olympia, Seattle, and Centralia. On information and belief, all of Defendant's "front of the house" service employees in Washington are compensated on the same uniform hourly compensation system, plus tips.

10. Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of Doe Defendants sued herein as DOES 1 through 10, inclusive, and, therefore, sues these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of these fictitiously named Doe Defendants is responsible in

FIRST AMENDED CLASS ACTION COMPLAINT - 5

ACKERMANN & TILAJEF, P.C.
2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Tel: (253) 625-7720
Fax: (310) 277-0635

some manner for the occurrences herein alleged, in that they were employers or co-employers of Plaintiffs and the putative Class, and that Plaintiffs' damages, as herein alleged, were proximately caused by such Doe Defendants.

### III. JURISDICTION & VENUE

11. This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. sections 1332 and 1441. The Parties are diverse under 28 U.S.C. section 1332 and 28 U.S.C. section 1441, and the amount in controversy exceeds $75,000.

12. Venue is proper in this judicial district, pursuant to 28 U.S.C. section 1391(b)(2) because Defendant operates within Washington State and do business within Lewis County, Washington, and all or a substantial part of the events or omissions giving rise to the claims at issue occurred within the Western District of Washington. The unlawful acts alleged herein have a direct effect on Plaintiffs and all of Defendant's employees within, *inter alia*, Lewis County.

### IV. FACTUAL ALLEGATIONS

13. Defendant is an employer of numerous "front of the house" service employees at its Washington restaurant locations. On information and belief, during the Class Period, Defendant employed an estimated 1,416 current and former "front of the house" service employees.

14. <u>Facts Regarding Defendant's Failure to Provide Meal and Rest Periods and Failure to Compensate for Missed Meal and Rest Periods:</u> Under WAC 296-126-092(1), "[e]mployees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer." Under WAC 296-126-092(4), "[e]mployees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period."

FIRST AMENDED CLASS ACTION COMPLAINT - 6

ACKERMANN & TILAJEF, P.C.
2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Tel: (253) 625-7720
Fax: (310) 277-0635

15. Defendant failed to provide Plaintiffs and Class Members with statutory meal and rest periods. Defendant did not regularly provide Plaintiffs and other "front of the house" employees with statutory ten-minute rest periods for every four hours of work, and failed to consistently provide 30-minute statutory meal periods between the second and fifth hours of their shifts. The nature of Plaintiffs and Class Members' work, which was scheduled during mealtime "rushes," was such that they could not regularly take meal and rest periods. In addition, Defendant had no policy or practice for Plaintiffs and Class Members to record their missed meal and rest periods, or to compensate for them. Thus, Defendant failed to provide compliant meal and rest periods and failed to compensate Plaintiffs and Class Members for missed meal and rest periods, throughout the Class Period. Therefore, Defendant is liable to Plaintiffs and the Class Members for compensation for time spent working during their statutory meal and rest periods.

16. Defendant was on notice, or should have been on notice, of its violations of Washington wage and hour laws. Thus, Defendant's violations as alleged above are willful with the intent to deprive Plaintiffs and Members of the Class.

## V. CLASS ACTION ALLEGATIONS

17. Plaintiffs bring this case as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of the following Class ("Class"):

> **All individuals who resided in Washington State and who worked for McMenamins, Inc. in Washington State, who were employed by Defendant in the position of bartender or server (or any other similar "front of the house" service position) at any time from February 9, 2019 through the date of certification of the class by the Court (the "Class Period").[1]**

18. Plaintiffs reserve the right to amend or modify the class description with greater specificity, by division into subclasses, or by limitation to particular issues.

---

[1] Plaintiffs reserve the right to modify the Class definition at a later date to conform to new facts learned, including the properly named entity Defendant(s).

FIRST AMENDED CLASS ACTION COMPLAINT - 7

ACKERMANN & TILAJEF, P.C.
2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Tel: (253) 625-7720
Fax: (310) 277-0635

19. On information and belief, there are an estimated 1,416 current and former employees in the Class. Given Defendant's systemic failure to comply with Washington wage and hour laws and regulations regarding the payment of missed meal and rest periods, the members of the Class are so numerous that joinder of all members is impractical.

20. Plaintiffs' claims are typical of the claims of the members of the Class because they were employed to work for Defendant at Defendant's locations in Washington, and they sustained damages arising out of Defendant's failure during the Class Period to provide and pay for missed meal and rest periods.

21. Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs have no conflicts of interest with any member of the Class. Plaintiffs have retained competent and experienced counsel in complex class action litigation. Plaintiffs' counsel has the expertise and financial resources to adequately represent the interests of the Class.

22. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Plaintiffs and the Class are the following:

   a. Whether Defendant violated WAC 296-126-092 by failing to provide statutory meal and rest periods, and failing to compensate Plaintiffs and the Class Members for missed meal and rest periods;

   b. Whether Defendant's violations of Washington wage and hour laws were willful with intent to deprive, and whether Defendant is liable for double damages pursuant to RCW 49.52.050, 070; and

   c. The nature and extent of class-wide damages and the measure of damages for the Class.

23. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of

FIRST AMENDED CLASS ACTION COMPLAINT - 8

ACKERMANN & TILAJEF, P.C.
2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Tel: (253) 625-7720
Fax: (310) 277-0635

similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class Members are readily identifiable from Defendant's employee rosters and/or payroll records.

24. Defendant's actions are generally applicable to each member of the Class. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendant.

25. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many members of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendant.

**FIRST CAUSE OF ACTION**
**Implied Cause of Action Pursuant to RCW 49.12**
**Failure to Compensate for Missed Meal and Rest Periods**
**In Violation of WAC 296-126-092**

26. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

27. Under the Supreme Court of Washington's decision in *Wingert v. Yellow Freight Sys., Inc.*, the statutory provisions set forth in RCW 49.12 entitle aggrieved employees to an implied cause of action for all unpaid wages against an employer, including wages owed to employees pursuant to properly promulgated regulations. *Wingert*, 146 Wn.2d at 847-51.

28. WAC 296-126-092(1) provides that:

Employees shall be allowed a meal period of at least thirty minutes which

FIRST AMENDED CLASS ACTION COMPLAINT - 9

ACKERMANN & TILAJEF, P.C.
2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Tel: (253) 625-7720
Fax: (310) 277-0635

commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer. […]

29. WAC 296-126-092(4) provides that:

Employees shall be allowed a rest period of not less than ten minutes, **on the employer's time**, for each four hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period.

(emphasis added)

30. The words "on the employer's time" mean that the employer must compensate employees for their time spent taking meal and rest periods authorized under these regulations. *Wingert*, 146 Wn.2d at 848.

31. Washington law requires employers to compensate employees for missed meal breaks. *Pellino v. Brink's Inc.*, 164 Wash.App. 668, 690-693 (2011).

32. Washington law requires employers to compensate employees for missed rest periods. *Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 415 P.3d 224, 230-231 (Wash. 2018).

33. As stated, *supra*, Defendant failed to regularly provide Plaintiffs and Class Members with meal and rest periods. The time pressure nature of Plaintiffs and the Class Members' work was such that they could not regularly take statutory meal and rest periods, and they worked for Defendant through their meal and rest periods. Furthermore, Defendant had no policy or practice for Plaintiffs and Class Members to record missed meal and rest periods, or to compensate them for missed meal and rest periods.

34. As a direct and proximate result of Defendant's violations and its willful intent to deprive Plaintiffs and Class Members of wages for missed meal and rest periods, Defendant deprived Plaintiffs and the Class Members of compensation in the amounts to be determined at trial, plus interest, attorneys' fees, and costs.

FIRST AMENDED CLASS ACTION COMPLAINT - 10

ACKERMANN & TILAJEF, P.C.
2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Tel: (253) 625-7720
Fax: (310) 277-0635

## SECOND CAUSE OF ACTION
**Double Damages for Willful and Intentional Withholding of Wages
Pursuant to RCW 49.52.050, 070
Flowing from the First Cause of Action**

35. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

36. By failing to compensate Plaintiffs and the Class for missed meal and rest periods, Defendant acted willfully and with the intent of depriving Plaintiffs and the Class of compensation to which they were entitled.

37. As a direct and proximate result of Defendant's violations and its willful intent to deprive Plaintiffs and the members of the Class of compensation owed, Plaintiffs and the members of the Class are entitled to judgment for twice the amount of compensation owed.

## VI.  PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and the Members of the Class, pray for judgment against Defendant as follows:

A. An Order that this action may proceed and be maintained as a class action, and certifying the Class as defined above for the Class Period defined above;

B. A declaratory judgment that Defendant willfully violated WAC 296-126-092 by failing to provide Plaintiffs and Class Members with statutory meal and rest periods and for failing to compensate Plaintiffs and Class Members for missed meal and rest periods;

C. An award to Plaintiffs and Class Members in the amount of their missed and unpaid meal and rest periods;

D. Exemplary damages in amounts equal to double the wages due to Plaintiffs and Members of the Class pursuant to RCW 49.52.050, 070 for any time during the Class Period;

E. Attorneys' fees and costs, as allowed by law, including RCW 49.46.090(1), RCW 49.48.030, and 49.52.070;

FIRST AMENDED CLASS ACTION COMPLAINT - 11

ACKERMANN & TILAJEF, P.C.
2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Tel: (253) 625-7720
Fax: (310) 277-0635

F.  Prejudgment interest; and

G.  All other relief this Court deems proper.

Dated this 20th day of July, 2023.

Respectfully submitted,

ACKERMANN & TILAJEF, P.C.
LAW OFFICE OF TATIANA HERNANDEZ, P.C.

By:   /s/Craig J. Ackermann
Craig J. Ackermann, WSBA #53330
Brian Denlinger, WSBA #53177
ACKERMANN & TILAJEF, P.C.
2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Telephone: (310) 277-0614
Facsimile: (310) 277-0635
cja@ackermanntilajef.com
bd@ackermanntilajef.com

Tatiana Hernandez, Esq., WSBA #54446
LAW OFFICE OF TATIANA HERNANDEZ, P.C.
315 South Beverly Drive, Suite 504
Beverly Hills, California 90212
Telephone: (213) 909-4248
Facsimile: (310) 388-0639
tatiana@thlawpc.com

FIRST AMENDED CLASS ACTION COMPLAINT - 12

ACKERMANN & TILAJEF, P.C.
2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Tel: (253) 625-7720
Fax: (310) 277-0635

# **CERTIFICATE OF SERVICE**

I, Jaclyn Blackwell, hereby certify and declare under penalty of perjury under the laws of the States of Washington and California that, on the 20th day of July, 2023, I caused to be electronically filed the foregoing First Amended Class Action Complaint for Unpaid and Wrongfully Withheld Wages with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

Tatiana Hernandez, Esq.
Law Office of Tatiana Hernandez, P.C.
1180 S Beverly Dr, Ste 610
Los Angeles, CA 90035
Tel: (213) 909-4248
tatiana@thlawpc.com

Jacqueline Middleton, Esq.
Stoel Rives LLP
600 University St, Ste 3600
Seattle, WA 98101
Phone: (206) 386-7557
jacqueline.middleton@stoel.com

Christopher T. Wall, Esq.
Stoel Rives LLP
600 University St, Ste 3600
Seattle, WA 98101
Phone: (206) 386-7500
christopher.wall@stoel.com

Karen L. O'Connor
Stoel Rives LLP
760 SW 9th Ave, Ste 3000
Portland, OR 97205
Tel: (503) 294-9291
karen.oconnoer@stoel.com

I further certify that I mailed a true and correct copy of the foregoing to the following non-CM/ECF participant: N/A

　　　　　　　　　　　　　　　　　　　　　　/s/Jaclyn Blackwell
　　　　　　　　　　　　　　　　　　　　　　Jaclyn Blackwell
　　　　　　　　　　　　　　　　　　　　　　Office Manager
　　　　　　　　　　　　　　　　　　　　　　ACKERMANN & TILAJEF, P.C.

CERTIFICATE OF SERVICE - 1

ACKERMANN & TILAJEF, P.C.
2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Tel: (253) 625-7720
Fax: (310) 277-0635