1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZANE J. KIRBY, et al.,

                  Plaintiffs,

    v.

MCMENAMINS INC., et al.,

                  Defendants.

CASE NO. C22-5168-BHS-MLP

ORDER

13       This matter is before the Court on Magistrate Judge Michelle L. Peterson's Report

14 and Recommendation (R&R), Dkt. 52, recommending that the Court deny Plaintiffs Zane

15 Kirby, Owen Terhorst, Erin Jarmon, Rebecca Breshears, and Cloe Petricca's motion for

16 class certification, Dkt. 33. Plaintiffs object. Dkt. 53.

17       Plaintiffs, who are former employees of Defendant McMenamins, Inc., request

18 class certification of claims alleging missed, late, and interrupted meal and rest periods

19 under the Washington Industrial Welfare Act, chapter 49.12 RCW, the Washington Wage

20 Rebate Act, chapter 49.52 RCW, and WAC 296-126-092. Dkt. 33 at 2. They seek

21 certification of a class defined as:

22

All individuals who resided in Washington State and who worked for McMenamins, Inc. in Washington State, who were employed in the position of bartender or server (or any similar "front-of-the-house" position) at any time from February 9, 2019 to the date of the Order granting class certification.

*Id.* at 3.

The R&R concludes that Plaintiffs fail to satisfy their burden under Federal Rule of Civil Procedure 23(b)(3) to demonstrate that questions of law or fact common to class members predominate over any questions affecting only individual members. Dt. 52.

Plaintiffs object to the R&R, asserting that it (1) improperly relies on California law, not Washington law, regarding meal and rest periods, and (2) improperly concludes that common questions of law or fact do not exist as to whether McMenamins failed to maintain an adequate system to ensure that employees could record missed or interrupted breaks and obtain compensation for such breaks. Dkt. 53 at 3.

McMenamins responds that the R&R appropriately applies Washington law. Dkt. 55 at 7–8. It also contends that, "[d]uring oral argument, Plaintiffs' counsel conceded there is no legal requirement to make a written record of when breaks are taken, or to maintain a system to track breaks." Dkt. 55 at 5 (internal citations omitted) (citing Dkt. 56-1 at 8–9).

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A party properly objects

1   when the party files "specific written objections" to the report and recommendation as

2   required under Federal Rule of Civil Procedure 72(b)(2).

3          "[I]n providing for a de novo determination . . . Congress intended to permit

4   whatever reliance a district judge, in the exercise of sound judicial discretion, chose to

5   place on a magistrate's proposed findings and recommendations." *United States v.*

6   *Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly,

7   when a district court adopts a magistrate judge's recommendation, the district court is

8   required to merely "indicate[] that it reviewed the record de novo, found no merit

9   to . . . [the] objections, and summarily adopt[s] the magistrate judge's analysis in [the]

10  report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023).

11  In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at

12  437.

13         The Court has reviewed the record de novo and finds no merit to Plaintiffs'

14  objections. The Court rejects Plaintiffs' argument that the R&R improperly applied

15  California law, instead of Washington law, regarding meal and rest periods. Plaintiffs

16  contend that the R&R disregarded Washington substantive law by relying on *Coleman v.*

17  *Jenny Craig, Inc.*, No. 11CV1301-MMA DHB, 2013 WL 6500457 (S.D. Cal. Nov. 27,

18  2013), *aff'd*, 649 F. App'x 387 (9th Cir. 2016). *See* Dkt. 53 at 9–10. The R&R does not

19  rely on *Coleman* to analyze substantive state law concerning meal and rest periods. It

20  instead relies on this case to explain that Plaintiffs fail to satisfy Fed. R. Civ. P. 23(b)(3)'s

21  commonality requirements through evidence that "some employees describe being

22  deterred from taking breaks by a manager's demeanor" (i.e., "disapproving looks") when

1    "there is no indication that other managers showed a similar demeanor." Dkt. 52 at 15.

2    The R&R explained:

3        In a similar case, a district court held plaintiff's testimony that a supervisor
         "had a way of 'making you feel guilty for leaving' . . . establishes, at best,

4        that her interactions with a particular supervisor, at a particular centre
         location, resulted in missed meal breaks on some occasions. But it does not

5        support Plaintiff's claim of a companywide policy or practice of forcing
         employees to miss meal breaks in the name of upholding customer

6        standards."

7    *Id.* (quoting *Coleman*, No. 11CV1301-MMA DHB, 2013 WL 6500457, at *9). The

8    R&R's reliance on *Coleman* is appropriate.

9        The Court also rejects Plaintiffs' argument that the R&R "erred in failing to find

10   that there exists a certifiable issue that Defendant uniformly did not maintain an adequate

11   system for ensuring that Class Members could record missed or interrupted breaks, and

12   pay extra for missed or interrupted breaks." Dkt. 53 at 3. As McMenamins points out,

13   Judge Peterson asked Plaintiffs' counsel *three times* whether McMenamins was legally

14   required to maintain a written record of breaks and, each time, Plaintiffs' counsel stated

15   that no such requirement exists:

16           THE COURT: Is the -- is the failure to take any -- make any records
         of meal and rest breaks, is that a violation of the WACS or of the state law?

17
             MR. DENLINGER*: Standing alone, no, not, Your Honor. Standing

18       alone, no.*
         . . . .

19           THE COURT: Can the failure to maintain an adequate system in and
         of itself form the basis for liability under the wage and hour laws?

20
             MR. DENLINGER: I believe that it's certainly a common and

21       predominating issue for all of the class members, because I don't think
         there is any dispute that it applies to everyone in the same way. *And I think

22       that in this case I don't know if standing alone it would, Your Honor.* The

1      Washington Supreme Court hasn't necessarily ruled on that, whether that
       would be enough to meet the prima facie burden.
2      . . . .
           THE COURT: . . . . Mr. Denlinger, do you agree that there is no
3      requirement to have a policy as to rest and meal breaks? That's the law; do
       you agree?
4
           MR. DENLINGER: *Standing alone, there is nothing there -- there is*
5      *no statute that rights there to be a meal and rest break policy.*

6      Dkt. 56-1 at 9, 10–11, 38 (emphasis added).

7          The R&R accordingly concludes that the lack of a policy for employees to record

8   missed meal or rest breaks "would not violate statutory requirements for meal and rest

9   breaks . . . as long as breaks were taken or compensated." Dkt. 52 at 15.

10          The R&R explains that McMenamin's human resources director, Lisa Kinsley,

11  testified that "different managers have different ways to track missed breaks, and

12  McMenamins does have policy or practice to compensate for missed breaks." Dkt. 52 at

13  15. Kinsley states that "McMenamins pays for all rest and meal breaks" and "allows

14  employees to voluntarily waive meal periods." Dkt. 43, ¶¶ 8, 9. Kinsley also states that,

15  "when a break is missed, McMenamins compensates the employee for the missed break

16  at the applicable rate of pay" in one of three ways: "(1) Employees may stay on the clock

17  at the end of the shift to eat; (2) the manager can clock the employee out after the end of

18  the employee's shift; or (3) the manager can adjust the time records to add time to the

19  shift." *Id.* ¶ 15. Kinsley also testified that "[m]anagers are required to check in with

20  employees every shift (even employees who have a written meal waiver on file) to

21  determine if break coverage is necessary." *Id.* ¶ 20. Considering this evidence, the R&R

22  concludes that "Plaintiffs have not shown by a preponderance of the evidence that the

1   issue of whether missed breaks were compensated can be resolved on a classwide basis."

2   Dkt. 52 at 15.

3          Plaintiffs now assert that the Washington Supreme Court "requires employers to

4   'maintain[] an adequate system for ensuring that [employees] could take breaks ***and***

5   ***record missed breaks***.'" Dkt. 53 at 7 (quoting *Chavez v. Our Lady of Lourdes Hospital at*

6   *Pasco*, 190 Wn.2d 507, 518–19 (2018)). However, unlike McMenamins, the employer in

7   *Chavez* did *not* pay employees during their meal breaks and, instead, "automatically

8   deducted 30 minutes from an employee's compensable time for a meal period during any

9   shift lasting longer than five hours." 190 Wn.2d at 511. Furthermore, whereas the

10  employer's timekeeping system in *Chavez* "did not permit [employees] to track missed

11  breaks," *id.* at 512, McMenamins provided employees with three methods to obtain

12  compensation for missed breaks. *See* Dkt. 43, ¶ 15. The R&R appropriately concludes

13  that Plaintiffs fail to satisfy their burden under Fed. R. Civ. P. 23(b)(3) of demonstrating

14  that the issue of whether McMenamins compensated employees for missed breaks can be

15  resolved on a classwide basis.

16         Therefore, it is hereby **ORDERED** that Plaintiffs' objections, Dkt. 53, are

17  **OVERRULED**, and the R&R, Dkt. 52, is **ADOPTED**. Plaintiffs' motion for class

18  certification, Dkt. 33, is **DENIED**.

19         **IT IS SO ORDERED**.

20  //

21  //

22  //

1   //

2   Dated this 12th day of April, 2024.

4

5

6   BENJAMIN H. SETTLE
    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22